USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HSBC BANK BRASIL, S.A. - BANKO MULTIPLO,

    Plaintiff,

- against -

TAYLOR'S INDUSTRIAL SERVICES, L.L.C.
a/k/a TAYLOR'S INDUSTRIAL SERVICES, LLC

    Defendant.

REPORT AND
RECOMMENDATION

10 Civ. 5652 (RMB) (RLE)

To the HONORABLE RICHARD M. BERMAN, U.S.D.J.:

## I. INTRODUCTION

This matter was referred for an inquest on damages following an entry of default judgment against Defendant Taylor's Industrial Services, L.L.C. ("Taylor's") by the Honorable Richard M. Berman on November 2, 2010. Plaintiff HSBC Bank Brasil, S.A. - Banco Multiplo. ("HSBC") submitted affidavits in support of damages on January 19, 2011. In an order issued January 24, 2011, this Court instructed Taylor's to respond by February 2, 2011, and Taylor's failed to respond. Based on the following facts submitted to the Court by way of affidavits, the Court recommends HSBC be awarded **$1,000,000**.

## II. BACKGROUND

In November 2006, HSBC entered into three lending agreements with Sandretto do Brasil S.A. ("Sandretto"). (Aff. of Ana Paula de Toledo Verlengieri ("Verlengieri Aff.") ¶ 2.) Taylor's agreed to guarantee those loans, up to a value of $1,000,000. (*Id.* ¶ 3.) In May 2007, Sandretto defaulted on the loans (*Id.* ¶ 4), causing HSBC $1,637,032.10 in damages. (*Id.* ¶¶ 5-6.)

## III. DISCUSSION

### A. Standard for Default Judgment

A party may move for a default judgment against an adversary who fails to answer or appear. Fed.R.Civ.P. 55(b). "Where, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Mendez v. Nooch, Inc.*, 07 Civ. 11174(LLS)(RLE), 2009 WL 666771, at *1 (S.D.N.Y. Mar. 6, 2009) (quoting *Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071(SAS)(AJP), 2009 WL 289653, at * 1 (S.D.N.Y. Jan. 30, 2009)). A factual allegation will be deemed not well-pleaded only in "very narrow, exceptional circumstances." *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969) (*rev'd on other grounds by Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973).

The Court must conduct an inquest in order to determine the amount of damages with reasonable certainty, and it may make such determination without a hearing, "as long as it [has] ensured that there is a basis for the damages specified in the default judgment." *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 0517(GBD)(RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Specifically, the Court must determine the proper rule for calculating damages on the claim and determine whether HSBC's evidence sufficiently supports the damages to be determined under that rule. *Id.* (referencing *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Accordingly, the Court may rely on HSBC's affidavits in determining the reasonableness of the damages requested. *Id.* (referencing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## C. Amount of Damages

HSBC alleges actual damages in the amount of $1,637,032.10, but seeks $1,000,000, the maximum amount allowed under the guarantee agreement with Taylor's. The total damages amount was calculated by totaling the amount in default on each of the three lending agreements, along with interest and fees. (Verlangieri Aff., Ex. F.) Taylor's has not submitted any evidence to challenge the numbers submitted by HSBC, and the Court finds these amounts reasonable.

## IV. CONCLUSION

Based on the evidence presented and applicable case law, this Court respectfully recommends that HSBC be awarded **$1,000,000**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) *(per curiam)*; 28 U.S.C. §636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: February 28, 2010
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

<u>Counsel for Plaintiff</u>
Linda Mandel Gates
Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow
1065 Avenue of the Americas, 18th floor
New York, NY 10018

<u>Defendant</u>
Taylor's Industrial Services, L.L.C.
820 W. Marion Road
Mt. Gilhead, OH 43338