UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HSBC BANK BRASIL, S.A. –
BANKO MULTIPLO,

                Plaintiff,

      -against-

TAYLOR'S INDUSTRIAL SERVICES, L.L.C.,
a/k/a TAYLOR'S INDUSTRIES SERVICES, LLC,

                Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/11

10 Civ. 5652 (RMB) (RLE)

**ORDER**

## I. Background

On November 2, 2010, this Court entered a default judgment against Taylor's Industrial Services, L.L.C. ("Defendant") for failing to participate in the action brought on or about July 26, 2010 by HSBC Bank Brasil S.A. – Banko Multiplo ("Plaintiff") for breach of contract. (Default J., dated Nov. 2, 2010 ("Def. J.").) The Court directed Plaintiff to apply to United States Magistrate Judge Ronald L. Ellis to determine damages. (See Def. J. at 2.)

On February 28, 2011, Judge Ellis issued a thorough report and recommendation ("Report") recommending that Plaintiff be awarded $1,000,000 in total damages. (See Report, dated Feb. 28, 2011, at 3.) The Report advised that, "[p]ursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days . . . to file written objections." (Report at 3.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Report is adopted in its entirety.**

## II. Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir. 2000); Santana v. United States, 476 F. Supp. 2d 300, 302

(S.D.N.Y. 2007). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

### III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report is not facially erroneous and, in fact, is in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Ellis, noting that "[Defendant] has not submitted any evidence to challenge the numbers submitted by [Plaintiff]," properly concluded that, although "[Plaintiff] alleges actual damages in the amount of $1,637,032.10," Plaintiff is entitled to $1,000,000, "the maximum amount allowed under the guarantee agreement with [Defendant]." (Report at 3.)

### IV. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. Judgment is entered in favor of Plaintiff and against Defendant for $1,000,000. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
March 18, 2011

_____
RICHARD M. BERMAN, U.S.D.J.